FILED
United States Court of Appeals
Tenth Circuit

May 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIE A. SIGMAN,

Defendant - Appellant.

No. 15-3053
(D.C. No. 5:13-CR-40063-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **HOLMES**, and **McHUGH**, Circuit Judges.

---

Jamie A. Sigman pleaded guilty, pursuant to a plea agreement, to being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court

sentenced him to seventy-six months in prison, the middle of the guidelines range.

Although the plea agreement contained an appellate waiver, Mr. Sigman filed a

notice of appeal.

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Relying on *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), the government has moved to enforce the waiver. Mr. Sigman's counsel responded that any arguments opposing the government's motion would be frivolous. We gave Mr. Sigman an opportunity to file a pro se response arguing why this appeal should be heard despite his appeal waiver. In his response, Mr. Sigman argues that it would be a miscarriage of justice to enforce the appeal waiver because (1) his counsel was ineffective and (2) the appeal waiver is otherwise unlawful because his sentence was not properly calculated under the guidelines. We grant the motion to enforce and dismiss this appeal.

In *Hahn*, 359 F.3d at 1325, we established a three-prong test for determining whether to enforce an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice results if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id*. at 1327 (internal quotation marks omitted). A waiver is "otherwise unlawful" when it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

- 2 -

Assuming Mr. Sigman is alleging ineffective assistance of counsel concerning the negotiation of a plea agreement, his claim cannot be barred by the appeal waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001). But his ineffective-assistance claim should be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *see also Hahn*, 359 F.3d at 1327 n.13 (stating that holding "does not disturb [the] longstanding rule" of generally considering ineffective-assistance claims on collateral review). We therefore do not address an ineffective-assistance claim in this proceeding.

Mr. Sigman also alleges sentencing error due to an improper guidelines calculation. We have repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful . . . ."). Mr. Sigman's argument suffers from "the logical failing[] of focusing on the result of [the] proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Hahn*, 359 F.3d at 1326 n.12.

Accordingly, we grant the government's motion to enforce, and we dismiss this appeal, without prejudice to Mr. Sigman raising a claim of ineffective assistance

- 3 -

of counsel in a collateral proceeding.  Mr. Sigman's pro se request for "competent counsel" is denied.  *See* Pro se Resp. at 3.

Entered for the Court
Per Curiam